STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-10-68

DW CUM-9/13/2013

SILVIA ROSE, individually and
under Power of Attorney for ROBERT
ROSE,

Plaintiff,

v.

MARC CHRISTENSEN, M.D., et al,

Defendants

STATE OF MAINE
Cumberland. ss. Clerk's Office

SEP 13 2013

**RECEIVED**

ORDER

Before the court is a motion by plaintiffs Sylvia and Robert Rose[1] for partial summary judgment against physician's assistant Damon Jordan, one of five defendants in this action, on the issues of standard of care and causation.[2]

Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary

---

[1] Sylvia Rose has a power of attorney for Robert Rose and is suing individually and on his behalf.

[2] Because Jordan was a physician's assistant working under the supervision of Dr. Christensen and appears to have been an employee of Maine Neurosurgery LLC, it is likely that any determination against Jordan on liability would also result in liability on the part of Maine Neurosurgery. In any event, defendants Christensen, Jordan, and Maine Neurosurgery have jointly filed opposing papers to plaintiff's motion for summary judgment, and counsel for defendant Victor Ho M.D. has submitted a letter joining in their opposition.

judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924.

Standard of Care

At the outset defendants are correct that certain of the factual assertions in the Roses' initial statement of material facts (SMF) are not adequately supported. The Roses have sought to remedy those deficiencies by providing additional citations to the record in their Reply SMF.[3] If the outcome of the motion turned on this issue, the court would rule that a party may not seek to cure deficiencies in that party's original SMF by submitting additional record citations at a time when the party opposing summary judgment no longer has an opportunity to respond.

Nevertheless, on the issue of whether Jordan violated the standard of care, there is no dispute that after Dr. Christensen instructed PA Jordan to adjust Robert Rose's shunt "by two," Jordan adjusted the shunt in the wrong direction. See Plaintiff's SMF ¶¶ 11-12, 16.[4] Although defendants Jordan and Christensen do not expressly acknowledge that this error violated the standard of care, the Roses have submitted expert deposition testimony that this was a violation of the standard of care. Plaintiffs' SMF ¶ 33; Kaplitt Dep. 12. Defendants have not disputed Dr. Kaplitt's qualifications to

---

[3] See, e.g., defendants' response to ¶¶ 1-4 of the Roses' initial SMF and the Roses' objections and supplemental submissions on those paragraphs contained in their Reply SMF. Defendants are also technically correct that medical records lacking a certification or other authentication are not admissible for purposes of summary judgment.

[4] Defendants have partially denied ¶¶ 11 and 16 of Plaintiffs' SMF, but those partial denials relate to causation and do not dispute that PA Jordan adjusted the shunt in the wrong direction.

2

offer that opinion nor have they submitted any opposing expert testimony or other evidence which could form the basis for a contrary finding.

The Roses' expert has further opined that if Jordan was unclear as to Dr. Christensen's instructions, Jordan violated the standard of care by not seeking clarification. Plaintiffs' SMF ¶ 35; Kaplitt Dep. 15. The only contrary testimony from defendants' expert, Dr. Fischer, is that Dr. Fischer did not know whether the failure to seek clarification violated the standard of care or not. Defendants' Statement of Additional Material Facts (SAMF) ¶ 9; Fischer Dep. 71-72. Dr. Fischer's lack of knowledge on the subject does not create a disputed issue of fact for trial.

Causation

On this issue the court agrees with the Roses that defendants' citation to an expert designation from Dr. Auerbach, unaccompanied by any affidavit or deposition testimony from Dr. Auerbach, does not constitute evidence that would be admissible to generate a disputed issue for trial.

However, on the issue of causation Dr. Fischer has offered an expert opinion that Jordan's misadjustment of the shunt did not cause harm to Robert Rose. Defendants' SAMF ¶ 5, citing Fischer Dep. 51-52. To the same effect, see Defendants' SAMF ¶¶ 4, 6, citing Fischer Dep. 44, 61-62, 69-70. This is sufficient to generate a disputed issue for trial on the issue of causation.

The Roses argue that Dr. Christensen has made what they characterize as a "party admission" to the contrary. E.g., Plaintiff's Reply SMF ¶ 4, citing Christensen Dep. 83 (testimony agreeing that the incorrect adjustment of the shunt increased the

3

amount of drainage).[5] However, admissions by parties in the course of depositions are not like Rule 36 admissions, which conclusively establish the facts admitted. For purposes of summary judgment, the court is required to draw all inferences in favor of the party opposing summary judgment, and a jury would be entitled to find the expert opinion of Dr. Fischer more persuasive than Dr. Christensen's apparent acknowledgement that there was an increase in drainage.

The entry shall be:

Plaintiff's motion for partial summary judgment on the issue of whether defendant Damon Jordan violated the standard of care is granted. Plaintiff's motion for partial summary judgment on the issue whether that violation caused injury to Robert Rose is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: September **13**, 2013

Thomas D. Warren
Justice, Superior Court

---

[5] In that testimony Dr. Christensen also did not agree that increased drainage caused harm to Robert Rose.

4

## ATTORNEYS

01 009319 ATTORNEY: BOYLE, CELINE M
ADDR: 199 MAIN ST PO BOX 1179 SACO ME 04072
   FOR: ROBERT J ROSE              PL      RTND  05/29/2012
   FOR: SYLVIA P ROSE            PL      RTND  02/12/2010


02 002462 ATTORNEY: COFFIN, PHILIP M III
ADDR: 477 CONGRESS STREET 14TH FLOOR PO BOX 15215 PORTLAND ME 04112-5215
   FOR: DAMON JORDAN PA-C           DEF     RTND  03/11/2010
   FOR: NEW ENGLAND NEUROSURGERY, LLC  DEF     RTND  03/11/2010
   FOR: MARC D CHRISTENSEN, M.D.      DEF     RTND  03/11/2010


03 006976 ATTORNEY: DRUARY, J WILLIAM JR
ADDR: 44 ELM STREET PO BOX 708 WATERVILLE ME 04901-0708
   FOR: VICTOR HO, M.D.           DEF     RTND  05/17/2010


04 006878 ATTORNEY: MARTEMUCCI, JAMES
ADDR: 43 DEERING STREET PORTLAND ME 04101
   FOR: ST MARYS REGIONAL MEDICAL CENTER    DEF     RTND  04/21/2010